UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brad R. Johnson, | Case No. 4:21-cv-00815-TLW-TER |
| PLAINTIFF | |
| v. | |
| Pennymac Loan Services, LLC; Standard Guaranty Insurance Company; and Assurant, Inc., | Order |
| DEFENDANTS | |

Plaintiff Brad R. Johnson filed this civil action against Defendants raising various federal and state law claims. Pennymac filed a motion asking the Court to dismiss the case for lack of personal jurisdiction or in the alternative to abstain from hearing the case. ECF No. 14. Standard and Assurant filed their own partial motion to dismiss, asking the Court to dismiss Count 1 (RICO) of the complaint.

The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. The magistrate judge concluded that personal jurisdiction was present, but recommends that the Court abstain from hearing this case because there are parallel proceedings in state and federal court, and there are exceptional circumstances present that warrant abstention. ECF No. 53 at 9–12. The magistrate judge also recommends denying Standard's and Assurant's motion as premature because a final judgment has not been entered in the Forsyth County action. *Id.* at 13 & n.5. None of the parties filed objections to the Report. This matter is now ripe for decision.

1

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report. The Court agrees that abstention is proper for the reasons set forth by the magistrate judge—there are parallel proceedings in state and federal court, and there are exceptional circumstances present that warrant abstention.

Accordingly, the Report, ECF No. 53, is **ACCEPTED AS MODIFIED**,[1] Pennymac's motion to dismiss, ECF No. 14, is **GRANTED IN PART**, and Standard's and Assurant's partial motion to dismiss, ECF No. 23, is **DENIED AS PREMATURE**. This matter is **STAYED** pending final resolution of the Forsyth County action. The parties are directed to notify the Court within 14 days of final judgment being entered in that action.

---

[1] Because the Court agrees that abstention is proper, it is not necessary to address the personal jurisdiction issue at this time.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

February 10, 2022
Columbia, South Carolina