UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRAD R. JOHNSON,<br>Plaintiff,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC,<br>Defendant,<br><br>STANDARD GUARANTY<br>INSURANCE COMPANY,<br>Defendant,<br><br>Defendant. | FILE NO. 4:21-cv-00815<br><br>NOTICE OF:<br>(1) CONTRACT TO VOLUNTARILY DISMISS STATE CASE,<br>*WITH PREJUDICE*, AND<br>(2) PENNYMAC'S VOLUNTARY DISMISSAL OF STATE CASE,<br>*WITHOUT PREJUDICE*, FILED ON MARCH 10, 2022 |

## NOTICE OF:
## (1) CONTRACT TO VOLUNTARY DISMISS STATE CASE, *WITH PREJUDICE*, AND (2) PENNYMAC'S VOLUNTARY DISMISSAL OF STATE CASE, *WITHOUT PREJUDICE*, FILED ON MARCH 10, 2022

NOW COMES Plaintiff, Dr. Brad R. Johnson (hereinafter "Johnson"), for the sole purpose of respectfully notifying this Court, pursuant to this Court's Order (Doc. 61) dated February 10, 2022, of:

(1) the Contract between Johnson and PennyMac Loan Services, LLC (hereinafter "PennyMac") (a) for Johnson to pay off the balance of the PennyMac Note and (b) for PennyMac to Voluntarily Dismiss, *With Prejudice*, its Forsyth County Superior Court reformation action (Case # 20 CVS 436) against Johnson and his spouse, and

(2) PennyMac's Voluntary Dismissal, *Without Prejudice*, of its Forsyth County Superior Court reformation action (Case # 20 CVS 436) against Johnson and his spouse.

.

1

1. Ryal Tayloe (hereinafter "Tayloe") is Johnson's attorney and Chad Archer (hereinafter "Archer") is PennyMac's attorney. There is a presumption that an attorney has authority to act for his client and one challenging the attorney's actions as being unauthorized has the burden of rebutting the presumption. *Gillikin v. Pierce*, 98 N.C. App. 484, 391 S.E.2d 198, 1990 N.C. App. LEXIS 424 (1990).

2. On February 25, 2022, in an E-mail from Tayloe to Johnson, Tayloe states:

    "Good talking with you this morning, Brad.

    I talked to Chad Archer. He is willing to file a Voluntary Dismissal with Prejudice of the claims in the Complaint in exchange for pay off of the loan.

    He is going to get us the pay-off amount.

    Given that we have depositions scheduled next week, a court-ordered mediation, and a trial upcoming, he would like to have a letter from your investment folks saying that funds are available and when they will be available for disbursement. Is that doable?

    Thanks.
    Ryal"

    See Exhibit I - E-mails Dated February 25, 2022 (1) from Tayoe to Johnson and (2) from Johnson to Tayloe, incorporated by reference herein, a true and correct copy.

    A dismissal with prejudice precludes subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff. *Barnes v. McGee*, 21 N.C. App. 287, 204 S.E.2d 203, 1974 N.C. App. LEXIS 1781 (1974).

3. On February 25, 2022, in an E-mail from Johnson to Tayloe, Johnson states: "Yes!"

    See Exhibit I - E-mails Dated February 25, 2022 (1) from Tayoe to Johnson and (2) from Johnson to Tayloe.

4. On February 25, 2022, in an E-mail from Tayloe to Archer, Tayloe states:

"Chad, in follow up to our conversation this morning, Dr. Johnson has agreed to pay off the PennyMac loan. In turn, you have agreed, upon pay off, to execute and file a Voluntary Dismissal, with prejudice, of all claims in the Complaint, with each party paying its/his own costs and attorneys' fees, and, of course, to record, or have PennyMac record, a Satisfaction of the Deed of Trust.

As you can see below, Dr. Johnson has obtained the pay-off amount from PennyMac. He also forwarded to me a transaction ledger from his investment account showing that funds are being transferred into his bank account today. A snippet I prepared from that ledger is attached. Those funds should be available on Monday for disbursement.

As such, we would ask that the depositions and mediation be cancelled.

Thanks, and we look forward to working with you to wrap this one up.
Ryal"

See Exhibit II - E-mails Dated February 25, 2022 (1) from Tayoe to Archer and (2) from

Archer to Tayloe, incorporated by reference herein, a true and correct copy.

5. On February 25, 2022, in an E-mail from Archer to Tayloe, Archer states:

"Ryal,

Per our most recent phone conversation, I am fine canceling the depositions that are scheduled for Monday. Perhaps the payoff will be complete before Tuesday. If so, then, obviously, I am fine cancelling Ms. Frantz's deposition on Tuesday as well. But what I would propose, if Dr. Johnson will agree, is just memorializing our deal in a very short settlement agreement. If Dr. Johnson will sign that agreement, then I would also be fine cancelling the Tuesday deposition, just in case, for some unknown reason, the payoff is slightly slower than is currently anticipated. I will work on a short agreement and circulate it to you and Luke later this afternoon or over the weekend.

Best,
Chad" See Exhibit II - E-mails Dated February 25, 2022 (1) from Tayoe to Archer and (2)

from Archer to Tayloe.

6. Attached as Exhibit III – Agreement to Resolve Plaintiff's Claims, incorporated by reference

herein, a true and correct copy, is the document "memorializing our deal in a very short

settlement agreement," which was sent to Archer by Tayloe on March 1, 2022.

3

7. In reliance on his agreement with PennyMac, on March 2, 2022, Johnson transferred the funds to PennyMac to pay off the PennyMac Note.

8. On March 14, 2022, in an E-mail from Tayloe to Archer, Tayloe states:

   "Chad, thanks for taking my call and explaining that PennyMac would not authorize a Voluntary Dismissal with Prejudice despite our prior communications on that point. Please send me a filed copy of the Voluntary Dismissal that you have filed.

   Thank you.

   Ryal"

   See Exhibit IV – E-mails Dated March 14, 2022 (1) from Tayoe to Archer and (2) from Tayloe to Johnson, incorporated by reference herein, a true and correct copy.

9. On March 14, 2022, in an E-mail from Tayloe to Johnson, Tayloe states:

   "Brad, please find filed Voluntary Dismissal, Without Prejudice, attached. As you can see, it was filed on March 10. This will conclude our representation in this matter. We wish you good luck with your appeal of the dismissal of the Counterclaim. As we have discussed, it is my belief that the filing of this Dismissal starts the clock for the deadline for you to file your Notice of Appeal to the North Carolina Court of Appeals.

   The Agreement you signed to resolve this matter stated that PennyMac would file a Notice of Voluntary Dismissal With Prejudice. You paid the loan off while PennyMac was considering signing that Agreement. PennyMac has not yet authorized a dismissal with prejudice and has not signed that Agreement. But, they have obviously accepted your pay off and will have to file a Satisfaction of the Deed of Trust. So, I don't think the fact that this dismissal is without prejudice makes any difference. It just adds fuel to your fire that these people are not to be trusted.

   I called and spoke with Chad Archer about this. He told me what I have told you – that PennyMac would only authorize a dismissal without prejudice at this point, despite his discussions with me to the contrary.

   Again, I don't think it makes any difference in this situation but I am glad to discuss.

   Ryal"

   See Exhibit IV – E-mails Dated March 14, 2022 (1) from Tayoe to Archer and (2) from Tayloe to Johnson.

10. Attached as Exhibit V is the Voluntary Dismissal, Without Prejudice, filed by Archer, representing PennyMac.

Under either Tennessee or North Carolina law, a Tenn. R. Civ. P. 41.01 or G.S. 1A-1, N.C. R. Civ. P. 41 voluntary dismissal without prejudice leaves the plaintiff exactly where he or she was before the action was commenced. *Barefoot v. Rule*, 265 N.C. App. 401, 828 S.E.2d 685, 2019 N.C. App. LEXIS 450 (2019).

**Plaintiff's voluntary dismissal of a prior action is a final termination of that action,** and no valid order can be made thereafter in that cause. *Collins v. Collins*, 18 N.C. App. 45, 196 S.E.2d 282, 1973 N.C. App. LEXIS 1775 (1973).

Dated: March 22, 2022

*Brad R. Johnson*

**BRAD R. JOHNSON, Plaintiff**
**Pro Se**

Brad R. Johnson, Ph.D., J.D., C.P.A. (Inactive, OR, #4278)
8669 Laurel Woods Drive
Myrtle Beach, SC 29588
(843) 661-1427
Bjohnson@fmarion.edu

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2022, the foregoing was filed with the Clerk of Court using the CM/ECF system who will provide notices of the filing to registered participants.

*Brad R. Johnson*
**BRAD R. JOHNSON, Plaintiff, Pro Se**

Brad R. Johnson, Ph.D., J.D., C.P.A. (Inactive, OR, #4278)
8669 Laurel Woods Drive
Myrtle Beach, SC 29588
(843) 661-1427
bjohnson@fmarion.edu