IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRAD R. JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PENNYMAC LOAN SERVICES, LLC, ) <br> STANDARD GUARANTY ) <br> INSURANCE COMPANY, and ) <br> ASSURANT, INC., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 4:21-cv-00815-JD <br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 41.) Plaintiff Brad R. Johnson ("Plaintiff" or "Johnson") sued Defendants PennyMac Loan Services, LLC ("PennyMac"), Standard Guaranty Insurance Company ("Standard"), and Assurant, Inc. ("Assurant") (collectively, "Defendants"), alleging claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Real Estate Settlement

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Procedures Act (RESPA), 12 U.S.C. § 2607, et seq., as well as a state law claim for breach of contract accompanied by fraud.[2]

The Report was issued on July 23, 2024, recommending this case be dismissed as barred by the doctrine of res judicata. (DE 95.) Plaintiff filed an objection (DE 97), and Defendants filed replies (DE 99 and 100.) Accordingly, the Court adopts the Report for the reasons stated below.

## BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background relating to the objections raised by Johnson. Previously, here, PennyMac moved to dismiss, arguing lack of personal jurisdiction and abstention. (DE 14.) Defendants Assurant and Standard moved to dismiss, arguing res judicata. (DE 23.) Both motions were based, at least partly on the fact that Plaintiff was already litigating the same claims against the same parties in the Forsyth County District Court in North Carolina ("Forsyth County Case").[3] Although

---

[2]  Generally, this action involves claims arising out of Plaintiff's purchase of Lots 16 and 18 ("Lots 16 and 18"), Block 186, Section N-6, Long Beach (now Oak Island), North Carolina, which were improved with a residence and insured with homeowners and flood insurance coverage, and Plaintiff's subsequent purchase of Lots 13, 15, and 17 ("Vacant Lots"), Block 186, Section N-6, Long Beach (now Oak Island), North Carolina, which are undeveloped lots. The original claims stem from Plaintiff's refusal to purchase homeowners and flood insurance coverage for the residence because a subsequent combination of the lots erroneously omitted the residence from PennyMac's mortgage. Therefore, a deed reformation ensued and Plaintiff's subsequent lawsuits followed.

[3]  *PennyMac Loan Services, LLC v. Johnson*, 20-CVS-436 (Forsyth County, North Carolina Superior Court).

a ruling had already been entered dismissing Plaintiff's claims in the Forsyth County Case, other claims remained pending, so the case was not subject to a final judgment. This Court granted, in part, PennyMac's motion to the extent the Court should abstain from this action, pending final resolution of the Forsyth County Case, but denied Assurant and Standard's Motion to dismiss based on *res judicata* as premature. (DE 61.)

The Forsyth County Superior Court dismissed Johnson's Counterclaims on May 24, 2021, with prejudice. (DE 72-1.) On March 10, 2022, PennyMac voluntarily dismissed its claims against Johnson without prejudice. (DE 72-2.) The voluntary dismissal caused the Superior Court's Order on Motions to Dismiss and Amend to become a final order. S*ee* N.C. R. CIV. P. 54(b). Johnson appealed, and on April 18, 2023, the North Carolina Court of Appeals affirmed the Superior Court's dismissal of Johnson's Counterclaims. (DE 72-3.) Johnson then moved the North Carolina Court of Appeals to reconsider the panel's opinion *en banc*, but on May 24, 2023, the North Carolina Court of Appeals denied Johnson's Motion for En Banc Rehearing. (DE 72-4.) After that, this Court lifted the stay and granted the parties additional time to file supplemental briefing regarding the applicability of *res judicata* to these claims. (DE 77.)

The parties filed supplements for the Court's consideration. (DE 87, 88, and 91.) Plaintiff argues that the judgment is not final, and *res judicata* therefore does not apply because the deadline for him to file an appeal with the United States

Supreme Court has not yet run.[4] In addition, Johnson claims that the present case contains factual allegations that occurred after filing the Forsyth County Case, that is, post-February 21, 2020. However, the court in the Forsyth County Case denied Plaintiff's motion to amend as to the Second Amended Counterclaim, finding that allowing said amendment would be futile because it failed to state a claim and would be subject to dismissal for the same reasons his First Amended Counterclaims were dismissed. (DE 30-1.)

## DISCUSSION

Johnson principally objects on four grounds, contending: (1) the "wrongs sourced in the pleadings of the . . . federal suit are not prosecuted in [Plaintiff's] Proposed Amended Counterclaim filed on April 8, 2021, in the earlier North Carolina (Forsyth County) state case" (DE 97, p. 6); (2) the material facts in the Report are in part inconsistent with the facts alleged in the Verified Original Complaint (*id.* p. 11)[5]; (3) the Magistrate Judge "erroneously ignored" *Hampton v . North Carolina Pulp Co.*, 223 N.C. 535, 539, 27 S.E.2d 538,541 (N.C. 1943); *Thomas M Mcinnis & Associates, Inc. v. Hall*, 318 N.C. 421,434,349 S.E.2d 552,560 (N.C. 1986) (DE 97, pp. 17)[6]; and

---

[4]    Plaintiff filed a Notice of Docketing of a Petition for a Writ of Certiorari in the United States Supreme Court on May 7, 2024. (DE 94.)

[5]    The Court notes that Johnson does not contend that the omitted fact would have changed the Magistrate Judge's analysis, and so the Court overrules this objection without further discussion.

[6]    The Report comprehensively and ably discussed why these cases do not support Johnson's position that his pending certiorari petition prevents the doctrine of *res judicata* from attaching to the Forsyth County Case order, i.e., "none of the cases cited by Plaintiff go as far as to say that a judgment is not final until a Petition for Writ of Certiorari with the United States Supreme Court has been denied or the time within which to file such a petition has run." (DE 95, p. 9.) Therefore, the Court overrules this objection.

4

(4) the North Carolina Court of Appeals' opinion affirming the judgment is against public policy (*id.* pp. 18-27).

However, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Turning to Johnson's first objection asserting "wrongs sourced in the pleadings of the . . . federal suit are not prosecuted in [Plaintiff's] Proposed Amended Counterclaim filed on April 8, 2021[.]" (DE 97, p. 6.) This Court disagrees. Plaintiff argues that the present case raises claims based on conduct that occurred "during the period February 21, 2020, through March 19, 2021." (DE 91, p. 19.) However, the Complaint in this case alleges only conduct that occurred through September 11-16, 2020, which is the same conduct alleged in the proposed Second Amended

Counterclaim in the Forsyth County Case. *Compare* Complaint (DE 1, ¶ 51) with Proposed Second Amended Counterclaim (DE 14-5, ¶ 52).

This argument about the identity of his causes of action in the State and Federal cases is unavailing because he did attempt to bring those claims in both cases. In fact, Johnson specifically attempted to amend his counterclaims in the Forsyth County Case to bring the same claims (*see* DE 14-5) as the subject action, but the Forsyth County Superior Court refused to allow Johnson to make this amendment because it found that the amended counterclaims were futile. (DE 30-1). Johnson later appealed the Forsyth County Superior Court's decision not to allow him to amend his counterclaims, and the North Carolina Court of Appeals upheld the Forsyth County Superior Court's decision. (DE 66-1.) Because the Forsyth County Case order found that Johnson's alleged claims accruing between February 21, 2020, and May 24, 2021, would be futile, the Magistrate Judge correctly held that the *res judicata* effect of the Forsyth County Case order barred Johnson from bringing those claims in this Court. (DE 99, p. 2.) Therefore, the Court overrules this objection.

As for Johnson's fourth objection, raising public policy arguments, he makes three assertions: 1) the opinion of the North Carolina Court of Appeals affirming the earlier North Carolina (Forsyth County) state case, misapplied the United States Supreme Court's *Chevron* Doctrine (DE 97, p. 19); 2) the opinion of the N.C. Court of Appeals improperly conducted a de novo review to determine the statutory meaning and interpretation of 12 C.F.R. § 1024.37(b) (*id.* p. 20); and 3) the opinion of the N.C. Court of Appeal determining the statutory meaning and interpretation of 12 C.F.R. §

6

1024.37(b) (Basis for charging a borrower for force-placed insurance) is against the public policy of North Carolina regarding the protection of private property rights in North Carolina (*id.* p. 24). Johnson's public policy arguments are unavailing.

To begin with, as stated in the Report,

> The doctrine of res judicata is based on two policy considerations: (1) that each person have his day in court to completely adjudicate the merits of his claim for relief, and (2) that the courts must demand an end to litigation when a claimant has exercised his right and a court of competent jurisdiction has ruled on the merits of his right. . . . When a court of competent jurisdiction has reached a decision on facts in issue, neither of the parties are allowed to call that decision into question and have it tried again.

*Green v. Dixon,* 137 N.C. App. 305, 304–05, 528 S.E.2d 51, 53 (N.C. Ct. App. 2000) (internal quotations and citations omitted). The judgment in the Forsyth County Case was affirmed on appeal by the North Carolina Court of Appeals, and discretionary review was denied by the North Carolina Supreme Court. North Carolina courts have held more than once that a judgment is final following an appeal with the North Carolina Court of Appeals. *See ACC Const., Inc. v. SunTrust Mortg., Inc.*, 239 N.C. App. 252, 262, 769 S.E.2d 200, 207 (2015). Thus, the judgment in that case is final, and so Johnson's argument about improper de novo review by the appellate courts or its conclusions is futile.

Equally, Johnson's argument about the *Chevron* Doctrine is not addressed in his memorandum; rather, Johnson attached his United States Supreme Court Petition for Certiorari (DE 97-3), purportedly seeking a review of the Forsyth County Case. Given this argument does not address the finality of the Forsyth County Case, the Court overrules Johnson's public policy objection.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 95) and incorporates it herein.

It is, therefore, **ORDERED** that this action is dismissed with prejudice pursuant to the doctrine of *res judicata*.

**AND IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 23, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.